<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2011-259

JULY TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Windsor Unit, |
| | } | Criminal Division |
| | } | |
| | } | DOCKET NOS. 208-2/525-5-11 Wrcr |
| James Eastman | } | |
| | | Trial Judge: M. Patricia Zimmerman |

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a denial of his motion to amend a condition of release imposed by the superior court following his arraignment on charges of sexual assault of a victim under the age of sixteen and entrusted to his care, 13 V.S.A § 3253(e)(1), and aggravated sexual assault of a victim under the age of ten, 13 V.S.A § 3253(a)(8). The condition at issue prohibits defendant from having any contact with females under the age of sixteen except for his nine-year-old biological daughter, R.E., and that contact is limited to text and telephone conversations. Defendant is not R.E.'s custodial parent. Defendant's motion to amend this condition asked the superior court to allow defendant to have in-person contact with R.E. Defendant argued that he has a fundamental constitutional right to contact with his biological child and that accusation of a single instance of illegal sexual activity with a step child, absent any physical evidence, does not present a compelling state interest sufficient to justify a bar on his in-person contact with his biological daughter. The trial court denied defendant's motion and found that given the seriousness of the underlying felony charges and the fact that R.E. is within the age range of the complaining witness, the condition was necessary to protect the public. Defendant renews his arguments on appeal. I affirm.

When a person is charged with an offense and released on personal recognizance, the court may order conditions of release if it determines such conditions are "reasonably necessary to protect the public." 13 V.S.A. § 7554(a)(2)(D). In so doing, the judicial officer must use "the least restrictive" condition or combination of conditions of release described in the statute. <u>Id</u>. § 7554(a)(2). To determine the necessity of conditions of release, a judicial officer must take into account.

> the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of residence in the community, record of convictions, and record of appearance at court proceedings or of flight to avoid

prosecution or failure to appear at court proceedings. Recent history of actual violence or threats of violence may be considered by the judicial officer as bearing on the character and mental condition of the accused.

13 V.S.A. § 7554(b). We review the trial court's decision setting conditions of release under a deferential standard, affirming if the decision is "supported by the proceedings below." 13 V.S.A. § 7556(c).

The record indicates that defendant was charged with sexual assault and aggravated sexual assault for allegedly engaging in a sexual act with his then nine-year-old step daughter, P.E. Defendant's biological daughter, R.E., is also nine-years old. R.E. and P.E. have the same biological mother. According to a police officer affidavit, P.E. told a Rutland DCF worker in a recorded interview that defendant had raped her. P.E. clarified this statement by stating that defendant had "put[] his private parts in her private parts."

In coming to its decision not to amend the condition of release, the superior court appropriately balanced consideration of the least restrictive conditions against consideration of public safety. In doing so, it recognized that R.E. was within the age range of the complaining witness. It also acknowledged that telephone and text contact is not the same as face-to-face contact, but concluded that the condition was an appropriate means to balance defendant's right to see his daughter with the responsibility of the State to protect the public.

The superior court's decision was supported by the record and meets the statutory requirement that the combination of conditions be the least restrictive necessary to reasonably assure the protection of the public.

Affirmed.

FOR THE COURT:

_____
Paul L. Reiber, Chief Justice